**THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES ROBINSON | ) | CASE NO 1:16-bk-40737 |
| | ) | HON. Donald R. Cassling |
| DEBTOR, | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| CHARLES ROBINSON, *individually* | ) | |
| *and on behalf of all others similarly* | ) | |
| *situated* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 1:23-ap-388 |
| | ) | |
| UNITED CREDIT UNION | ) | |
| f/k/a First Security Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant United Credit Union's Answer And Affirmative Defenses To Plaintiff's
Adversary Class Action Complaint**

Defendant United Credit Union, as successor in interest to First Security Credit Union[1]

("Defendant" or "United"), for its Answer and Affirmative Defenses to Plaintiff Charles Robinson

("Plaintiff" or "Robinson")'s Adversary Class Action Complaint, states as follows:

## I.     INTRODUCTION

1.     The Community has a right to expect that noticed creditors must comply with laws

to prevent and protect consumers from foreseeable irreparable harm. Noticed creditors who fail to

comply with laws should be held in civil contempt of court. Noticed creditors who are held in

contempt of court should be sanctioned. This is an action to enforce this court's discharge order

entered on November 16, 2021. United has willfully chosen not to comply with this court's order.

---

[1] First Security Credit Union merged into Defendant on or about January 7, 2019.

Robinson has been damaged and seeks monetary, declaratory, and injunctive relief based on United's willful choice not to comply with this court's order. Robinson seeks damages for the same conduct under Illinois state law.

**ANSWER:**    **Defendant denies that the statements in this paragraph constitute facts to which any answer is required. To the extent an answer is required, Defendant denies them.**

## II.    PARTIES, JURISDICTION AND VENUE

2.    Robinson is a "debtor" as that term is defined at 11 U.S.C. § 101(13).

**ANSWER:**    **Admit.**

3.    United is a corporate entity, doing business in the State of Illinois, County of Cook, and is a "creditor" as that term is defined at 11 U.S.C. § 101(10)(A) and (B).

**ANSWER:**    **Admit that Defendant was a creditor of Robinson.**

4.    Jurisdiction is conferred on this court pursuant to provisions of 28 U.S.C. § 1334 in that this proceeding arises in, and is related to, the above captioned Chapter 13 case, under Title 11, and concerns property of Plaintiff in that case.

**ANSWER:**    **Deny.**

5.    This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. §§ 157 and 1367.

**ANSWER:**    **Deny**.

6.    Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and 1409.

**ANSWER:**    **Admit**.

7.    This matter is a core proceeding as that term is defined by 28 U.S.C. § 157(b)(2) in that it concerns claims and matters arising out of the administration of a bankruptcy case and rights duly established under Title 11 of the United States Code, and other applicable federal law.

**ANSWER:**    **Deny with respect to the state law claims asserted in Counts II and III.**

2

8.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then, and in that event, Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

**ANSWER:**      **Deny that the matter is primarily a core proceeding and deny that the Bankruptcy Court has jurisdiction to enter a final order in this case. Defendant does not consent to entry of a final order by the Bankruptcy Judge.**

### III.    FACTUAL ALLEGATIONS
### (Filing of the Petition and Discharge)

9.      On December 16, 2016, Robinson filed a voluntary petition for Chapter 13 Bankruptcy relief and a proposed Chapter 13 plan, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. Robinson's bankruptcy attorneys were Semrad Law LLC ("Semrad").

**ANSWER:**      **Deny the allegations to the extent they conflict with the docket in case no. 16-bk-40737. Specifically, Erik Martin was one of Robinson's bankruptcy attorneys, and the filing date of Robinson's petition and plan are denied.**

10.      Prior to filing for Chapter 13 bankruptcy, Robinson incurred a debt to United to purchase a 2008 Dodge Avenger (the "vehicle") and granted United a security interest in the vehicle through a perfected lien.

**ANSWER:**      **Admit the allegations in this paragraph, except lack knowledge sufficient to admit or deny whether United's predecessor in interest held a perfected lien.**

11.      Robinson's Chapter 13 plan called for the satisfaction of the entire secured debt owed to United in the amount of $10,494.53. The Chapter 13 plan called for United to receive pre-confirmation adequate protection payments in the amount of $100 per month. Upon confirmation United was set to receive payments of $343.00 per month until the claim was paid in full. (Doc. 19)

**ANSWER:**    **Deny the allegations to the extent they conflict with the docket in the referenced case.  Specifically, Robinson filed a modified plan.**

12.    United received a copy of the proposed Chapter 13 plan, as well as other documents pertaining to Robinson's bankruptcy.

**ANSWER:**    **Admit as to Defendant's predecessor in interest.**

13.    United filed a secured proof of claim with the United States Bankruptcy Court Clerk in the amount of $10,494.53 to satisfy Robinson's debt.

**ANSWER:**    **Admit as to Defendant's predecessor in interest**.

14.    Robinson's Chapter 13 plan was confirmed on March 1, 2017. (Doc. 20)

**ANSWER:**    **Deny the allegations to the extent they conflict with the docket in the referenced case; specifically Robinson filed an amended plan.**

15.    Section B(3) of Robinson's confirmed Chapter 13 plan stated that "the holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor." (Doc. 19)

**ANSWER:**    **Deny the allegations to the extent they conflict with the docket in the referenced case; specifically, a modified plan was filed.**

16.    Robinson made all payments required pursuant to the Chapter 13 plan to the Chapter 13 trustee. (Doc. 53)

**ANSWER:**    **Admit**.

17.    United was paid its total claim of $10,494.53 by the Chapter 13 trustee during the bankruptcy case. (Doc. 60)

**ANSWER:**    **Admit.**

18.    Robinson received a Chapter 13 discharge on November 16, 2021. (Doc. 58)

**ANSWER**:   **Admit.**

### (Post-Discharge)

19.     On May 4, 2022, Robinson's wife called United. She spoke with an unnamed representative. An inquiry was made as to when the lien on the vehicle would be released. United was informed that the total balance on the vehicle had been paid during the Chapter 13 case. United's representative said there was no record of the debt or vehicle in the system of record.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them**.

20.     On June 16, 2022, Semrad attorneys emailed United's attorneys (the "Walinski" firm), requesting United to release the lien on the vehicle. A copy of the email and responses is attached hereto as *Exhibit 1*.

**ANSWER:**   **Deny the allegations to the extent they conflict with the exhibit or purport to reflect the entire response made.**

21.     Walinski responded the same day to Semrad by email. The response contained a forwarded email showing that a representative from United advised Walinski on February 11, 2020, that United Credit Union took over First Security Credit Union. *Id*.

**ANSWER:**   **Admit.**

22.     Later that day, on June 16, 2022, Semrad again made a request for an update on the release of the lien for Robinson. *Id*.

**ANSWER:**   **Deny the allegations to the extent they conflict with the parsed document attached as Exhibit 1.**

23.     To date, Robinson has not received a release of lien or certificate of title for the vehicle from United. Pursuant to Local Rule 9020-1(A)(2), an Affidavit of Charles Robinson is attached hereto as *Exhibit 2*.

5

**ANSWER:**   **Defendant denies that it has refused to release the lien as stated in paragraphs 5 and 6 of said affidavit, and denies the remaining statements in paragraphs 7 through 14 of the affidavit.**

24.   Since receiving his discharge, Robinson has believed the title to the vehicle to be free and clear after having, through the payments under his Chapter 13 plan, satisfied any debt for which the vehicle was pledged as collateral. *Exhibit 2.*

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except that Defendant denies having clouded title.**

25.   Robinson needed reliable transportation to retain his employment with the Chicago Public School System. Without title to the vehicle, Robinson's ability to sell or trade the vehicle to financially assist with the purchase of a newer more reliable vehicle was impaired.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph or the reliability of the vehicle as alleged in the second sentence, and therefore denies them. Defendant denies the remaining allegations in this paragraph.**

26.   United has no financial safety protocols in its system of record to provide consumers releases of liens after it has been paid in full during a Chapter 13 bankruptcy case.

**ANSWER:**   **Deny.**

27.   As a direct and proximate result of United's failure to release the lien and provide clear title to Robinson (as required by this court's Order of Confirmation and under state law) Robinson has suffered injuries of a personal and pecuniary nature including, but not limited to, time spent trying to convince United to release the lien; emotional anxiety, stress, worry, and frustration; and requiring attorneys to pursue litigation. *Id.*

**ANSWER:**   **Deny.**

28.     The systematic violations of the bankruptcy and non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

**ANSWER:     Deny.**

## IV.     CLASS ALLEGATIONS

29.     Because Defendant's wrongful conduct is widespread, this case should be certified for class action treatment pursuant to Fed. R. Bankr. P. 7023 incorporating Fed. R. Civ. P. 23(a) & 23(b)(2).

**ANSWER:     Deny.**

30.     **The Class**. Plaintiff seeks to represent a Class defined as follows:

> All debtors (1) who received a discharge of their Chapter 13 bankruptcy with this court, (2) completed all plan payments owed on a secured automobile loan, and (3) for which Defendant failed to release the lien on the automobile within 21 days after receiving all plan payments.

**ANSWER:     Deny.**

31.     **The ICFA Subclass**. Plaintiff additionally seeks to represent a Subclass defined as follows:

> All debtors (1) who received a discharge of their Chapter 13 bankruptcy with this court within the applicable statute of limitations period, (2) whose secured automobile loan was for personal property located in the State of Illinois, or who were residents of Illinois during the time periods relevant to this action, (3) completed all plan payments owed on a secured automobile loan, and (4) for which Defendant failed to release the lien on the automobile within 21 days after receiving all plan payments.

**ANSWER:     Deny.**

32.     Excluded from the Class and Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and

directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any

person who executes and files a timely request for exclusion from the Class or Subclass; (4) any

persons who have had their claims in this matter finally adjudicated and/or otherwise released; and

(5) the legal representatives, successors and assigns of any such excluded person.

**ANSWER:**    **Deny that there is a proper class of which said persons can be excluded, but
admit said persons do not belong in any class.**

33.    Plaintiff hereby reserves the right to amend or modify the Class and Subclass

definitions with greater specificity or division after having had an opportunity to conduct

discovery.

**ANSWER:**    **Deny that this paragraph alleges facts for which an answer is required. To the
extent an answer is required, Defendant denies them.**

34.    **Numerosity**. The members of the Class and Subclass are so numerous that joinder

of all members is impractical, as the Class and Subclass is estimated to consist of hundreds, if not

thousands, of members. For instance, United boasts that it has in excess of 20,000 members, and

over $300 million in assets.[2] A class action is the only feasible method of adjudicating the rights

of all affected Debtors, and absent allowance of a certification of a class action, a failure of justice

will result. The number of putative Class and Subclass members can be readily ascertained by a

review of Defendant's records. Using this information, Class and Subclass members can be

identified and ascertained for the purpose of providing notice and ultimate relief.

**ANSWER:**    **Deny that Defendant's alleged membership or asset size alone satisfies the
numerosity element. Deny the remaining allegations in this paragraph.**

35.    **Commonality and Predominance.** This action involves common questions of law

and fact that predominate over any questions affecting individual Class and Subclass members.

These common questions are appropriate for class certification because the resolution thereof

---

[2] https://www.unitedcreditunion.com

would substantially advance the disposition of this matter and each party's interests herein. These

common questions include:

a.   Whether Plaintiff, Class, and Subclass members received a discharge in a
Chapter 13 bankruptcy with this court;

b.   Whether the Chapter 13 bankruptcy included repayment of an automobile
loan in the Chapter 13 plan in full satisfaction of the secured debt;

c.   Whether Defendant timely released the lien encumbering the automobile
and securing the automobile loan, as required by 625 ILCS 5/3-205;

d.   Whether Defendant failed to release the lien encumbering the automobile
and securing the automobile loan;

e.   Whether Plaintiff, Class, and Subclass members were injured and suffered
damages or other losses because of Defendant's actions as described herein;
and

f.   Whether Plaintiff, Class, and Subclass members are entitled to damages,
and the measure and amount of those damages.

**ANSWER:**     **Deny.**

36.   **Typicality.** Plaintiff's claims are typical of those of other Class and Subclass

members. Plaintiff was a debtor who received a discharge of his Chapter 13 bankruptcy from this

court, had an automobile loan paid during the Chapter 13 plan, and Defendant failed to release the

secured lien on Plaintiff's vehicle. As such, Plaintiff's claims arise from the same factual

circumstances as the claims of other Class members, and his damages and injuries are akin to those

of other Class members. Plaintiff seeks relief consistent with the relief sought by the Class.

**ANSWER:**     **Deny.**

37.     **Adequacy.** Plaintiff is an adequate representative of the Class because he is a member of the Class that he seeks to represent, is committed to pursuing this matter against Defendant to obtain relief for the Class, and has no conflicts of interest with the Class. Moreover, Plaintiff's attorneys are competent and experienced in litigating class actions such as this one. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect Class members' interests.

**ANSWER:** **Deny.**

38.     **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to an individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class are relatively small compared to the burden and expense required to individually litigate their claims against Defendant, and thus, individual litigation to redress Defendant's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** **Deny.**

## V.     CAUSES OF ACTION

### COUNT I: CONTEMPT OF THIS COURT'S CONFIRMATION ORDER
### (11 U.S.C. § 105)
### *On behalf of the Plaintiff Class and Subclass*

39.    Plaintiff restates all allegations contained in Paragraphs 1 through 38 as if fully restated herein.

**ANSWER:**    **Defendant restates its Answer to the allegations contained in Paragraphs 1 through 38 as if fully restated herein.**

40.    11 U.S.C. § 1325(a)(5)(B)(i)(I) provides that a proposed plan may provide that "the holder of such [secured] claim retain the lien securing such claim until the earlier of—(aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328 ....".

**ANSWER:**    **Admit.**

41.    The Model Chapter 13 Plan in this district states, pursuant to Section B(3), that "the holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor."

**ANSWER:**    **Admit**.

42.    Defendant was sent notice of the Plaintiff, Class, and Subclass members' Chapter 13 plans, confirmation orders, and discharge orders by this court's Clerk of Court.

**ANSWER:**    **Defendant lacks knowledge sufficient to form a belief of the truth of the allegations in this paragraph, and therefore denies them; as to Plaintiff only, Defendant denies the allegations to the extent they conflict with the docket in the referenced case**.

43.    Defendant's failure to timely release its lien upon the vehicles constitutes contempt of this court's confirmation order confirming the Plaintiff's, Class's, and Subclass's Chapter 13 plans.

**ANSWER:**    **Deny.**

44.     Defendant is an experienced creditor that is routinely involved in the making, servicing, and collection of debts that are involved in a bankruptcy and is, therefore, a sophisticated creditor who should be familiar with bankruptcy and state laws.

**ANSWER:**    **Deny**.

45.     The actions and omissions of Defendant described herein demonstrate a willful pattern of overt acts that violate this court's orders confirming the Chapter 13 plans proposed by Plaintiff, Class, and Subclass members.

**ANSWER:**    **Deny.**

46.     As a result of the above violations of this court's orders of confirmation, Plaintiff, Class, and Subclass members are entitled to recover against Defendant an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 105.

**ANSWER:**    **Deny**.

### COUNT II: VIOLATIONS OF THE ILLINOIS VEHICLE CODE
### On behalf of the Plaintiff, Class and Subclass

47.     Plaintiff restates all allegations contained in Paragraphs 1 through 46 as if fully restated herein.

**ANSWER:**    **Defendant restates its Answer to the allegations contained in Paragraphs 1 through 46 as if fully restated herein**.

48.     Pursuant to 625 ILCS 5/3-205(a):

> Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization form the owner to receive the certificate.

**ANSWER:**    **Admit that the quoted section appears in the statute cited. Deny all remaining allegations.**

49.     Plaintiff, Class and Subclass members, and Defendant are each a "person," as defined by 815 ILCS 505/1(c).

**ANSWER:     Deny the applicability of said statute.**

50.     The actions and omissions described, supra, by Defendant constitute clear violations of the Illinois Vehicle Code (625 ILCS 5/3-205(a)), as Defendant failed after receipt of the Discharge Order and/or Notice of Completion of Plan Payment to comply with the statute and release any of the liens on the vehicles owned by Plaintiff, Class, and Subclass members within the statutory period.

**ANSWER:     Deny.**

51.     As a direct result of Defendant's acts and omissions, Plaintiff, Class, and Subclass members have found it necessary to devote countless and unnecessary hours to effectuate the securing of such title, and this time was unwarranted and unnecessary. In addition to this unwarranted time, Plaintiff; Class, and Subclass members have suffered and continue to suffer emotional distress in the form of fear and anxiety.

**ANSWER:     Deny**.

52.     The acts and omissions of Defendant have been unlawful in nature and, as a proximate result, Plaintiff, Class, and Subclass members are entitled to recover statutory damages as well as reasonable attorneys' fees and court costs as provided by Section 3-205(c) of the Illinois Vehicle Code (625 ILCS 5/3-205(c)).

**ANSWER:     Deny**.

**COUNT THREE: VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS ACT
(815 ILCS 505/1, et seq.)
On behalf of the Plaintiff and Subclass**

53.    Plaintiff restates all allegations contained in Paragraphs 1 through 52 as if fully restated herein.

**ANSWER:    Defendant restates its Answer to the allegations contained in Paragraphs 1 through 52 as if fully restated herein**

54.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (815 ILCS 505) prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" (815 ILCS 505/2).

**ANSWER:    Deny the applicability of said statute.**

55.    The ICFA applies to Defendant's acts and omissions as described herein because it applies to transactions involving the sale of goods or services to consumers.

**ANSWER:    Deny.**

56.    Plaintiff, the Subclass members, and Defendant are each a "person," as defined by 815 ILCS 505/1(c).

**ANSWER:    Deny the applicability of said statute.**

57.    Defendant's conduct herein constitutes unlawful and unfair business practices with respect to the transactions involving Plaintiff and Subclass members. Specifically, the actions of Defendant arose out of its failure to comply with the mandatory provisions of 625 ILCS 5/3-205(a) of the Illinois Vehicle Code.

**ANSWER:    Deny.**

58.     Defendant's conduct, acts, and omissions described herein were likely to mislead and did in fact mislead Plaintiff and Subclass members, who were acting reasonably under the circumstances.

**ANSWER:     Deny.**

59.     Plaintiff and Subclass members were injured by the Defendant's failure to release the liens upon vehicles owned by Plaintiff and Subclass members, who have suffered damages as a result, including, but not limited to, being deprived of the release of the liens on their vehicles; and significant inconvenience, emotional distress and anxiety as a result of Defendant's conduct.

**ANSWER:     Deny.**

**REQUEST FOR RELIEF**

WHEREFORE, Defendant United Credit Union denies that the Plaintiff is entitled to any relief whatsoever, and further prays that Plaintiff's Adversary Complaint be dismissed with prejudice, as it is patently frivolous and sanctionable with attorney's fees and costs assessed against the Plaintiff, and for any other relief this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendant, United Credit Union as successor in interest to First Security Credit Union, for its Affirmative Defenses to Plaintiff's Class Action Complaint, without prejudice to its Answers and Denials above, states as follows:

1.     Plaintiff lacks standing to bring some or all of these claims. Plaintiff has not suffered an injury in fact that is fairly traceable to the challenged conduct of Defendant and that is likely to be redressed by a favorable judicial ruling.  Specifically, Plaintiff's claims fail to present a case or controversy as they are instead mooted by the simple fact that he is not the owner of the vehicle anymore and the Defendant is not the lienholder on the vehicle anymore as the Plaintiff or his agent(s) previously sold the vehicle in March 2022. *See* Exhibit A. Thus, the allegations in

Plaintiff's Complaint concerning his demand for the release of a lien on a vehicle in May 2022

which he had already sold is likely a knowing misrepresentation and fraud upon this Court which

further investigation in discovery will uncover the exact circumstances of and all of the parties

involved in said misrepresentation. As such, Plaintiff's stake in the outcome of the matter has

dissipated, and there is no lien for Defendant to release.  Further, this case is not appropriate for

class certification under the principles espoused in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019),

and all class allegations should be stricken.

2.      Plaintiff's claim for attorney fees is barred by entry of the Court's March 21, 2017

Order Granting Application for Compensation for his attorneys in case No. 1:16-bk-40737 (Doc.

21), which capped the amounts approved for his counsel's retention in this matter.

3.      The Complaint and each claim alleged therein are barred, in whole or in part,

because Defendant acted reasonably at all times relevant to this action.  Specifically, Plaintiff

refused to accept Defendant's proffer of the release.

4.      As to any allegation in the Complaint not previously admitted, denied or

controverted, the same is hereby denied.

5.      The Complaint and each cause of action alleged therein fail to state a claim upon

which relief can be granted.

6.      Plaintiff's claims, and the claims of the putative class members, may be barred, in

whole or in part, by the statute of limitations and by the doctrine of laches.

7.      The claims of some putative class members are barred under the doctrine of claim-

splitting because they are claims or compulsory counterclaims in proceedings in other courts of

this or another state.

8.      The claims of some putative class members are barred by the doctrine of res judicata.

9.      By virtue of certain acts, errors, or omissions committed or omitted by Plaintiff, Plaintiff is estopped from claiming any damages or injury. The claims of some putative class members are barred by the doctrines of waiver, estoppel, settlement, novation, release and/or accord and satisfaction. The fact that the vehicle was already sold as of the time Plaintiff requested its title is likely a knowing misrepresentation and fraud upon this Court which further investigation in discovery will uncover.

10.     Plaintiff and/or the putative class members have waived any and all claims he has (or at some time may have had) against Defendant.

11.     Any damages sustained were the result of Plaintiff's and/or the putative class members' own acts, errors, or omissions and, therefore, any award in favor of Plaintiff should be reduced by that proportion of fault.

12.     Defendant's acts, errors or omissions were not the actual or proximate cause of any of Plaintiff's and/or the putative class members' damages.

13.     Defendant is not liable for the harm alleged by Plaintiff or the putative class because such harm resulted from the acts of others constituting independent, intervening and/or superseding causes, thus relieving Defendant of any liability.

14.     The claims of Plaintiff and/or putative class members are subject to the right of off-set arising from defaults on loan contracts and other breaches of those contracts.

15.     The claims of Plaintiff and/or putative class members are barred to the extent any such person failed to mitigate damages for which he/she seeks compensation.

16.    Plaintiff and/or the putative class members are barred from any recovery against Defendant because Plaintiff's alleged damages are speculative.

17.    Plaintiff and/or the putative class members are barred from any recovery against Defendant under the doctrine of avoidable consequences.

18.    The Complaint and each claim alleged therein are barred, in whole or in part, because Defendant has fully performed any and all duties, promises and/or obligations which it may have owed to Plaintiff and alleged putative class members. Defendant substantially complied with all statutory and/or contractual requirements.

19.    Plaintiff and/or the putative class members are barred from any recovery against Defendant because Defendant acted in accordance with reasonable commercial standards.

20.    If it is determined that Plaintiff and/or the putative class members sustained any damage as alleged in the Complaint, said damage was proximately caused or contributed to by persons other than Defendant. The liability of Defendant and other responsible parties, named or unnamed, should be apportioned according to the relative degree of fault among them, if any, and the liability of Defendant should be reduced accordingly.

21.    The Complaint and each claim alleged therein are barred by the doctrine of unclean hands.

22.    The Complaint and each claim alleged therein are barred, in whole or in part, because Plaintiff would be unjustly enriched if he prevailed on his Complaint or on any of the claims purportedly set forth therein.

23.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each and every cause of action set forth

therein, or some of them, are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

24.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege that Plaintiff and/or some or all, of the purported "class" claims are barred by their own breach of the duties owed.

25.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by express or implied consent to the conduct attributed to Defendant.

26.    Plaintiff and/or the putative class members are barred from recovery, in whole or in part, because they acquiesced in the conduct complained of.

27.    At all relevant times, Defendant has complied in good faith with all applicable laws, and a reasonable interpretation of the same.

28.    Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of any group or class Plaintiff seeks to represent.

29.    Defendant alleges that the claims of the named Plaintiff is not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action. Defendant further alleges that neither Plaintiff nor his counsel are proper class representatives.

30.    Defendant alleges that the putative class is not so numerous that joinder of all members is impracticable; therefore, Plaintiff cannot meet the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure.

31.     Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof peculiar to Plaintiff's claims and the defenses thereto will vary widely. Therefore, Plaintiff cannot meet the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure.

32.     Defendant alleges that the claims of Plaintiff and Defendant's defense thereto are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not suitable class representative. Defendant further alleges that neither Plaintiff nor his counsel are proper class representatives. Therefore, Plaintiff cannot satisfy the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure.

33.     Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that as a practical matter would be dispositive of the interests of other members not parties to the action.

34.     Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of Plaintiff's claims, as to which individualized acts and proof will predominate, in one particular forum is not desirable.

35.     Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

36.     Defendant alleges that this Complaint does not raise questions of a common or general interest; therefore, this case may not be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure made applicable to this proceeding under Fed. R. Bankr. P. 7023.

37.     Defendant reserves the right to assert additional affirmative defenses as they become known during and through the course of discovery.

WHEREFORE, Defendant United Credit Union prays for entry of judgment in its favor and against Plaintiff on all claims in the Adversary Complaint, and for such further relief as is just.

Date: February 21, 2024                    **LITCHFIELD CAVO LLP**

                                           By:*/s/ Brian W. Norkett*
                                               Brian W. Norkett
                                               Kevin A. Ameriks
                                               Kristopher G. Fernandez
                                               303 W. Madison St., Suite 300
                                               Chicago, IL 60606
                                               Phone:    312-781-6677
                                               Fax:      312-781-6630
                                               norkett@litchfieldcavo.com
                                               ameriks@litchfieldcavo.com
                                               fernandez@litchfieldcavo.com

                                               *Attorneys for Defendant,*
                                               *United Credit Union*

<u>**CERITIFCATE OF SERVICE**</u>

I HEREBY CERTIFY that on the date of filing that I caused to be served a true and accurate copy of the foregoing document via CM/ECF on a16ll registered recipients, including:

Brian D. Flick
**DannLaw**
15000 Madison Avenue
Cleveland, OH 44107
Phone: (216) 373-0539
Fax: (216) 373-0536
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr. (IL #6231944)
**Zimmerman Law Offices, P.C.**
*77* W. Washington Street, Suite 1220
Chicago, Illinois 60602
Phone: (312) 440-0020
Fax: (312) 440-4180
*tom@attorneyzim.com*

Erik A. Martin
7140 S. St. Lawrence Avenue, Suite 2
Chicago, IL 60619
(312) 547-9087
Erikamartin22@live.com

*Attorneys for Plaintiff and the proposed Class and Subclass*

*/s/ Brian W. Norkett*